UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACINTO VELASQUEZ and CELINA C. VELASQUEZ, individually, and O.V., a minor, by her G.A.L., TIFFANY WESLEY and the ESTATE OF GAYRO VELAZQUEZ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No.   2:13-cv-02559-JAM-AC<br><br>**ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS** |

   This matter is before the Court on Defendant United States of America's ("the United States") Motion to Dismiss (Doc. #7) Plaintiffs Jacinto Velasquez, Celina C. Velasquez, O.V., through her guardian ad litem, Tiffany Wesley, and the Estate of Gayro Velazquez's (collectively "Plaintiffs")Complaint (Doc. #1).[1] Plaintiffs oppose the motion ("Opposition") (Doc. #9).  The United States filed a reply (Doc. #10).

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 23, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs filed a complaint in the Superior Court of Sacramento County in June 2012, alleging medical malpractice against defendants Jose Molina, M.D., Ampla Health and Arbuckle Health Centers arising from the death of Gayro Velazquez on March 15, 2011.

The United States removed Plaintiffs' action to this Court on March 19, 2013, pursuant to the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA"), which provides that the exclusive remedy for an alleged medical malpractice of a federally qualified health center and/or its employees is an action against the United States under the Federal Tort Claims Act ("FTCA") in federal district court.  See 42 U.S.C. § 233(g); 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.  The United States was then substituted as the sole defendant in this action.

In April 2013, the Court dismissed the action for lack of subject matter jurisdiction because Plaintiffs had not presented and exhausted an administrative tort claim with the appropriate federal agency, the Department of Health and Human Services ("DHHS"), before instituting their FTCA action in this Court.

On May 28, 2013, Plaintiffs filed an administrative tort claim with DHHS.  On June 13, 2013, DHHS denied the claim.  On August 19, 2013, Plaintiffs sought reconsideration of the denial. DHHS stated that the claim was being processed but informed Plaintiffs that "should the 6 month statute expire before the completion of the review process, your clients may consider the claim deemed denied and file suit in the appropriate U.S. District Court."

1    Plaintiffs filed the current action on December 10, 2013,
2 less than four months after submitting their request for
3 reconsideration.
4
5                            II.   OPINION
6    A.   Discussion
7    The United States brings the present motion to dismiss
8 pursuant to Federal Rule of Civil Procedure 12(b)(1).  The United
9 States argues Plaintiffs filed their claim prematurely in
10 violation of 28 U.S.C. § 2675(a) ("§2675(a)"), a jurisdictional
11 prerequisite to bringing FTCA claims in district court.  The
12 United States contends the Court therefore lacks subject matter
13 jurisdiction over Plaintiffs' claims.
14   The FTCA contains an administrative exhaustion requirement,
15 providing in relevant part:

> An action shall not be instituted upon a claim against
> the United States . . . unless the claimant shall have
> first presented the claim to the appropriate Federal
> agency and his claim shall have been **finally denied** by
> the agency . . . .  The failure of an agency to make
> final disposition of a claim **within six months** after
> it is filed shall, at the option of the claimant any
> time thereafter, be deemed a final denial of the claim
> for purposes of this section.

22 §2675(a) (emphasis added).  An FTCA action filed before the
23 exhaustion requirement has been satisfied cannot proceed in a
24 district court "even where the litigation ha[s] not substantially
25 progressed."  Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1047 (9th
26 Cir. 2013).
27   Plaintiffs argue that the Court has discretion to equitably
28 toll the statute of limitations "even though in this situation,

[it's] not because the claim is untimely for being late but untimely because [it's] too early." Opposition at p. 5. Although Plaintiffs rely on Kwai Fun Wong as support for their request for equitable tolling, that reliance is misplaced. The Ninth Circuit in Kwai Fun Wong found that, unlike the limitations period established in 28 U.S.C. § 2401(b), which is cited by Plaintiffs, the exhaustion requirement contained in §2675(a) "*is* tied by explicit statutory language to jurisdiction." Kwai Fun Wong, 732 F.3d at 1047 (emphasis in original); see also Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995) (finding the §2675(a) "administrative claim prerequisite is jurisdictional").

Although Kwai Fun Wong held that courts have discretion to equitably toll the §2401(b) limitations period, it "did *not* hold that courts have discretion to excuse the premature institution of a lawsuit before exhaustion of administrative remedies under §2675(a)." Wright v. City of Santa Cruz, 13-CV-01230-BLF, 2014 WL 3058470, at *5 (N.D. Cal. 2014) (emphasis in original). "The Court lacks authority to permit a lawsuit to go forward if it was filed before the agency denied the administrative claim or was afforded a full six months to address the claim." Id. "Strict enforcement of an exhaustion requirement serves to assure a particular administrative interest—namely, the interest in assuring that agency officials have a full opportunity to investigate and consult internally with regard to claims for compensation due to negligence by agency employees." Kwai Fun Wong, 732 F.3d at 1047

///

///

4

In August 2013, Plaintiffs filed a timely request for reconsideration of DHHS' earlier denial of their claim. The law is clear:

> Upon the timely filing of a request for reconsideration [DHHS] shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under [] §2675(a) to bring suit shall not accrue until 6 months after the filing of a request for reconsideration."

45 C.F.R. § 35.6(b). Plaintiffs filed suit in December 2013, before the six-month period had passed and before their option to bring suit under §2675(a) had accrued. Therefore, the Court does not have jurisdiction to hear their claims. Accordingly, the United States' Motion to Dismiss is GRANTED without prejudice.

### III.  ORDER

For the reasons set forth above, the Court GRANTS the United States' Motion to Dismiss without prejudice.

IT IS SO ORDERED.

Dated: July 31, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5